NOTE:   This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-3293

GREGORY A. LYONS,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.

Gregory A. Lyons, of Torrance, California, pro se.

Sara B. Rearden, Attorney, Office of the General Counsel, United States Merit Systems Protection Board, of Washington, DC, for respondent.  With her on the brief were B. Chad Bungard, General Counsel, and Rosa M. Koppel, Deputy General Counsel.

Appealed from:  United States Merit Systems Protection Board

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-3293

GREGORY A. LYONS,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.

_____

DECIDED:  December 10, 2007

_____

Before LOURIE, BRYSON, and GAJARSA, Circuit Judges.

PER CURIAM.

## DECISION

Gregory A. Lyons appeals from the decision of the Merit Systems Protection Board ("the Board") dismissing as untimely his appeal from a fifteen-day suspension. Lyons v. Dep't of Veterans Affairs, SF-0752-05-0929-I-3 (M.S.P.B. July 20, 2007) (initial decision dated Jan. 18, 2006). Because the Board did not abuse its discretion in reaching its decision, we affirm.

## BACKGROUND

Lyons held the position of food service worker at the Department of Veterans Affairs ("DVA"). He was suspended for fifteen days, effective July 31, 2005, based on

charges of inappropriate and disrespectful conduct, failure to be forthcoming in an investigation, and violation of the terms of his administrative leave. The Board's Western Regional Office received an appeal notice from Lyons dated August 25, 2005, on August 31, 2005, one day after the thirty-day window for appeal. On November 9, 2005, an administrative judge ("AJ") at the Board's Denver Field Office dismissed the appeal for administrative reasons, subject to being refiled by January 11, 2006. The appeal was reinstated on January 3, 2006, and then dismissed without prejudice again by another AJ on September 8, 2006. It was later refiled.

Upon review of the record, a newly-assigned AJ found that, based on Lyons' receipt of the suspension notice, Lyons' appeal appeared to have been filed one day late and, on January 4, 2007, issued an order to show cause why the appeal should not be dismissed for untimeliness. The order noted that during the time that Lyons' appeal was pending, the DVA had canceled the suspension and informed the Board that it would provide Lyons with back pay and benefits; however, outstanding claims remained that could have led to an award of damages, thus leaving the issues not fully resolved. Lyons filed a response on January 6, 2007, stating that the DVA required him to obtain permission to enter its property at the peril of further disciplinary action, but that the office of his union representative was located on DVA property. Consequently, he stated that he was unable to meet with his union representative until August 19, 2005, and was unable to complete his appeal until he was allowed a second meeting with the union representative on August 31, 2005. On January 7, 2007, Lyons filed an amended response repeating that the DVA controlled when he was able to meet with his union representative regarding his appeal.

On January 18, 2007, the AJ issued an Initial Decision concluding that Lyons had failed to show good cause for his untimely appeal. The AJ noted that Lyons had chosen to rely on the union representative to aid him in filing his appeal and that an error by his representative in determining the time for appeal was not good cause for delay. The AJ also found that Lyons had failed to explain why the appeal could not have been filed following his initial meeting with the union representative on August 19, 2005. Finally, the AJ found that Lyons could have met with the union representative at an alternate location or filed the appeal himself.

On July 20, 2007, the Board denied Lyons' petition for review because it found no new, previously unavailable evidence or error of law by the AJ. See 5 C.F.R. § 1201.115. The AJ's initial decision thus became the final decision of the Board. See 5 C.F.R. § 1201.113. Lyons timely appealed to this court, and we have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

## DISCUSSION

On appeal, Lyons states that the DVA threatened him with arrest and further disciplinary action if he entered DVA property without prior permission. Lyons argues that the DVA's improper interference with his access to his union representative and his own inability to understand the running of the thirty-day window for appeal establish good cause for filing his appeal one day late. Lyons adds that the DVA has failed to demonstrate that it would have suffered any prejudice from accepting an appeal one day out of time and that the DVA actually had accepted the filing up until the time that the AJ raised the issue of timeliness sua sponte. The government responds that the Board has broad discretion in applying the good cause standard for waiver of the

timeliness requirement. The government argues that Lyons has failed to explain why his appeal could not have been filed after his initial meeting with the union representative on August 19, 2005, and why he could not have arranged to meet his representative at an alternate location. The government also argues that prejudice to an agency is only considered after good cause for the delay has been demonstrated, which did not occur here.

The scope of our review in an appeal from a Board decision is limited. We must affirm the Board's decision unless it was "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c); see Briggs v. Merit Sys. Prot. Bd., 331 F.3d 1307, 1311 (Fed. Cir. 2003).

We conclude that the Board did not abuse its discretion in finding Lyons' appeal to be untimely. We have stated that "[d]elay is excusable where, under the circumstances, a petitioner exercises diligence or ordinary prudence." Mendoza v. Merit Sys. Prot. Bd., 966 F.2d 650, 653 (Fed. Cir. 1992) (en banc). Some of the specific factors we have found useful to consider are: "the length of the delay; whether appellant was notified of the time limit or was otherwise aware of it; the existence of circumstances beyond the control of the appellant which affected his ability to comply with the time limits; the degree to which negligence by the appellant has been shown to be present or absent; circumstances which show that any neglect involved is excusable neglect; a showing of unavoidable casualty or misfortune; and the extent and nature of the prejudice to the agency which would result from waiver of the time limit." Walls v.

Merit Sys. Prot. Bd., 29 F.3d 1578, 1582 (Fed. Cir. 1994).  "We have often stated that whether the regulatory time limit for an appeal should be waived based upon a showing of good cause is a matter committed to the Board's discretion and this court will not substitute its own judgment for that of the Board."  Mendoza, 966 F.2d at 653.

Under the circumstances of this case, we cannot say that the Board abused its discretion in finding that Lyons failed to exercise diligence and ordinary prudence. While the possibility that the DVA may have restricted Lyons' access to his chosen representative for this appeal was an inconvenience, the fact remains that Lyons was able to meet with his union representative prior to the deadline for filing his appeal. Although the AJ relied on this fact and the government argued this point in its brief to this court, Lyons fails to explain why his appeal could not have been filed at that time, as he had previously been able to contact his union representative by telephone.  Lyons also fails to explain why it was error for the AJ to have found that a reasonably prudent person would have made arrangements to meet his union representative off DVA grounds if necessary.  "The burden is on the petitioner to demonstrate excusable delay." Id.  Given our substantial deference to the Board on timeliness issues, we conclude that the Board did not abuse its discretion in concluding that Lyons failed to meet his burden.

Because the Board did not abuse its discretion in concluding there was no good cause for delay in the filing of Lyons' appeal, and its decision is supported by substantial evidence, we affirm its decision.